[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this pending dissolution action an order for the support of the parties' two minor children was entered on March 15, 1994. Contemporaneously, and to secure payment of the child support order, the court ordered that the defendant be prohibited from using any monies he might recover from a pending personal injury action, and that the attorney handling that action be prohibited from distributing any proceeds from it to or on behalf of the defendant with the exception of the attorney's fees and the costs of the action.
That such security was necessary is shown by the court's subsequent findings of arrearages on the part of the defendant on July 5 and September 7, 1994, the latter being in the amount of $3,556.
On January 25, 1995 counsel for the plaintiff and the defendant appeared before the court, and defense counsel represented that she had received a sum of money in settlement of the personal injury action on behalf of the defendant. She represented further that she had been unable to contact the defendant to advise him of the receipt of the settlement and was seeking clarification from the court as to her responsibilities in handling the funds received.
Counsel for the plaintiff requested the court to consider ordering the disbursement of those funds to the plaintiff in payment of the arrearage found on September 7, 1994 and represented that no payments had been received by the plaintiff in satisfaction of that arrearage. Subsequently, at the court's request, CT Page 1920 plaintiff's counsel submitted a memorandum of law in support of a constructive trust being placed upon the personal injury lawsuit proceeds being held by the defendant's attorney.
The court has considerable doubt whether the requirements of a constructive trust have been satisfied in this case. For example, no intent by the grantor, i.e., the defendant, to benefit the plaintiff can be reasonably inferred, and no unjust enrichment of the "transferee", i.e., the defendant's attorney, would occur because the funds would be returned to the insurance carrier in the absence of their disbursement. See Gulack v. Gulack, 30 Conn. App. 305,310 (1993).
The court does believe, however, that the order of March 23, 1994, prohibiting the defendant from using any of the proceeds of the personal injury settlement, effectively secured those proceeds for the purpose of satisfying unpaid child support and believes further that it has jurisdiction to order the liquidation of that lien. Therefore, the court orders that defense counsel pay to counsel for the plaintiff the monies currently being held as a settlement of the defendant's personal injury lawsuit upon the following terms and conditions:
 1. The plaintiff shall execute an affidavit stating how much of the arrearage found by the court on September 7, 1994 remains unpaid, and that affidavit shall be submitted to defense counsel.
 2. Defense counsel may deduct from the proceeds of the lawsuit reasonable attorney's fees and costs incurred by counsel in connection with that lawsuit.
 3. Defense counsel shall pay over to counsel for the plaintiff the balance of the funds being held in escrow as needed to satisfy the unpaid arrearage.
 4. Counsel for the plaintiff and defendant shall file a joint affidavit with the court regarding the disposition of the settlement proceeds in accordance with this order.
 5. The parties may return to court for further CT Page 1921 orders regarding the disposition of the balance in the escrow account, if any. In the interim defense counsel shall continue to hold in escrow any funds not paid pursuant to this order.
Joseph M. Shortall, Judge