[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #129
On April 12, 1995, the plaintiffs[1] filed an eight count revised complaint against the defendants, John Carl Kucej and Joanne Kucej f/k/a Joanne Nails. In count one, which is the only count before the court at this time, the plaintiffs seek the imposition of a constructive trust. Count one alleges the following facts:
On January 7, 1992, John Kucej died intestate. John Kucej's heirs are the plaintiffs and the defendant John Carl Kucej.[2] The administratrix of John Kucej's estate is Anna Kucej.
On or about February 11, 1966, John Kucej and John Carl Kucej orally agreed to purchase jointly property in Trumbull, Connecticut that was owned by Mary Ann Palmer. The purchase agreement between Palmer and John Kucej and John Carl Kucej was written John Kucej and Anna Kucej paid for the purchase with their own money. John Kucej orally directed Palmer to execute the deed for the property to John Carl Kucej and Joanne Kucej.
When they purchased this property, John Kucej and John Carl Kucej intended to develop this property. John Kucej and John Carl Kucej used the equity in this initial purchase to obtain additional funding, which allowed them to develop additional properties. John Kucej and John Carl Kucej eventually owned more than twenty pieces of real property. CT Page 10545
The complaint alleges that "[a]lthough title to the properties purchased, by written purchase agreements, jointly by John Kucej and John Carl Kucej, pursuant to the oral joint venture agreement, were held in the name of John Carl Kucej, at all times John Carl Kucej held those in trust for himself and John Kucej." (Complaint, paragraph 9.) The complaint further alleges that the plaintiffs, as heirs to the estate of John Kucej, hold equitable title to a one-half interest in each of those properties. The complaint further alleges that the defendants hold legal title to a one-half interest in each of those properties in trust for the estate of John Kucej Count one concludes with a series of allegations of how the defendants have violated this trust.
On April 27, 1995, the defendants filed a motion to strike count one on the ground that the "plaintiffs do not — and cannot — plead all of the required elements for a constructive trust." The motion to strike elaborates that to plead a constructive trust, the "plaintiffs are required to plead [that] the original transferor of the real property was in a confidential relationship with the transferee." The defendants filed a memorandum of law in support of the motion to strike.
On June 6, 1995, the plaintiffs filed a memorandum of law in opposition to the motion to strike. On June 16, 1995, the defendants filed a reply memorandum in support of the motion to strike.[3]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint The court must construe the facts in the complaint most favorably to the [non-moving party]." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS,Inc., 196 Conn. 91, 108-09, 491 A.2d 368 (1985).
In their memoranda, the defendants argue that the confidential relationship between the transferor and the transferee must exist at the time of the transfer of the property before a trial court imposes a constructive trust. The defendants cite Gulack v.CT Page 10546Gulack, 30 Conn. App. 305, 310, 620 A.2d 181 (1993) for this proposition. The defendants also argue that John Kucej cannot be the grantor/transferor because he is an intended beneficiary. The defendants argue that "the only possible grantor whose intent could have created a trust for the benefit of [John Kucej] is the grantor of the real property, Palmer." (Reply memorandum, page 6.) The defendants claim that count one fails to plead that any of the transferors were in a confidential or fiduciary relation to John Carl Kucej.
In their memorandum in opposition to the motion to strike, the plaintiffs contend that the complaint sets forth a confidential relationship between John Kucej and John Carl Kucej. The plaintiffs concede that the complaint does not allege a confidential relationship between Palmer and John Carl Kucej. The plaintiffs, instead, argue that based upon Gulack v. Gulack, supra,30 Conn. App. 305, the court should find that the confidential relationship between John Kucej and John Carl Kucej meets the requirements for a constructive trust.
Gulack v. Gulack, supra, controls the outcome of this case.[4]
In Gulack, the plaintiff, Elaine Gulack, sought a constructive trust on property owned by the defendant, Fay Gulack. In 1976, Max Gulack, the uncle of the plaintiff's husband, purchased real property from an unidentified person and had the title to the property placed in the name of George Gulack, the plaintiff s father-in-law. When Max Gulack purchased the property, he declared that he bought the property for the plaintiff and her husband to use as their marital residence. The plaintiff and her husband and, later George Gulack and his wife Fay Gulack, lived at the propertyGulack v. Gulack, supra, 30 Conn. App. 307. After George Gulack's death, the property was passed from George s estate to the defendant, Fay Gulack, by certificate of devise. Id., 308.
A diagram represents these transactions:
 Unidentified owner -------- George / Fay Gulack to hold title for Elaine and Howard Gulack. 
| Pays money |
Max Gulack
The Appellate Court held that the trial court properly imposed a constructive trust in favor of Elaine Gulack. CT Page 10547
The Appellate Court explicitly considered the question of the necessary parties to the confidential relationship that must exist as a condition precedent to the imposition of a constructive trust. "We agree that the special or confidential relationship must be between the transferor and the transferee, but conclude that despite the trial court s focus on the transferor and the beneficiary in its decision, the record and the facts found by the trial court support the existence of such a relationship betweenthe transferor (Max) and the transferee (George)." (Emphasis added.) Id., 311. The Appellate Court then held that "[b]efore a trial court finds that a constructive trust exists and should be imposed, the court must find that a confidential relationship existed between the transferor and the transferee at the time of transfer of the property." Id., 312.
The basis of the Appellate Court's conclusion that Max Gulack is a transferor is that he paid consideration for the transfer of property. Gulack v. Gulack, supra, 30 Conn. App. 311 cites with approval 2 Restatement (Second), Trusts § 453. Comment b to that section states: "If a person purchases and pays for property which is transferred by the vendor at his direction to another and the purchaser manifests an intention that the transferee shall hold the property in trust for a third person, the transferee holds the property upon an express trust for the third person, provided that the requirements for the creation of such a trust are complied with." Thus, the person who pays for the property may be considered the transferor. It is clear that the Appellate Court regarded Max Gulack as a transferor. The status of Max Gulack is important in understanding the resolution of the present case.
In the present case, the transaction at issue can be summarized as follows. John Kucej purchased certain property from Palmer and caused title to be placed in the names of John Carl Kucej and Joanne Kucej. John Carl Kucej and Joanne Kucej were supposed to hold a one-half interest of this property for John Kucej. John Carl Kucej and Joanne Kucej were supposed to hold the other half interest of this property for themselves. These facts can be diagrammed as follows:
 Mary Ann Palmer -------- John Carl and Joanne Kucej to ^ hold title for John Kucej and | John Carl Kucej. | Pays money |
John Kucej CT Page 10548
These two diagrams reveal that John Kucej, as the person who paid for the property and selected to whom the title would pass, is in the same position as Max Gulack. Because the Appellate Court considered Max Gulack to be a transferor, this court should consider that John Kucej is a transferor. Nothing prevents the transferor of property from also being a beneficiary of a constructive trust. See, for example, Cohen v. Cohen, 182 Conn. 193,203, 438 A.2d 55 (1980).
Construing the pleading in the way most favorable to the plaintiff, the court should find that count one alleges a confidential relationship between the transferor (John Kucej) and the transferee (John Carl Kucej). As father and son, a confidential relationship should be found to exist for "[a] confidential relation exists not only where there is a fiduciary relation . . . but also where, because of family relationship . . . the transferor is justified in placing confidence in the belief that the transferee will act in the interest of the transferor.'"Gulack v. Gulack, supra, 30 Conn. App. 312, quoting Restatement, Restitution § 182, comment c. Count one alleges that "John Kucej at all times intended John Carl [Kucej] to hold John Kucej's interest in the jointly owned properties, and in the rents and profits from those properties, in trust for him and his heirs, pursuant to oral agreement between John Kucej and John Carl [Kucej]." (Paragraph 17.) These allegations are enough to establish a confidential relationship.
In conclusion, the court denies the motion to strike on the ground that the plaintiffs have alleged the necessary elements for a constructive trust in count one.
Dated at Bridgeport, this 8th day of September, 1995.
RICHARD J. TOBIN, JUDGE