[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced on June 17, 1996, when the plaintiff, Michael Michaud, properly served process on and filed a one count complaint against the defendant, William Zarillo, alleging the following facts. On April 21, 1996, the plaintiff purchased a 1992 Dyna Glide Harley Davidson motorcycle from the defendant, paying the defendant $980 cash to bind the sale. On April 29, 1996, the plaintiff tendered the balance of $10,020 in the form of two bank checks to the defendant. The defendant refused to receive the balance and deliver the motorcycle to the plaintiff
The plaintiff claims that the defendant's refusal to accept the balance of payment and to deliver the motorcycle caused him to suffer injury loss and damages, the benefit of the parties' bargain, loss of the use of the motorcycle, and upset and aggravation, related to his injuries. The plaintiff seeks money damages, punitive damages, treble damages, attorney's fees, court costs, and other relief as law and equity require. CT Page 8393
On June 25, 1996, the defendant filed a motion to strike the plaintiff's complaint for failure to state a claim upon which relief may be granted, asserting that the alleged contract is unenforceable because it fails to comply with General Statutes § 42a-1-206, which governs the sale of personal property. The defendant further maintains that the plaintiff's claims for damages for upset and aggravation, punitive and treble damages are "without legal merit". The defendant submitted a memorandum of law in support of his motion to strike.
The plaintiff objected to the defendant's motion to strike and filed a memorandum of law in opposition to the motion on August 8, 1996. In his memorandum, the plaintiff concedes that General Statutes § 42a-1-206 governs the parties' transaction. The plaintiff argues, however, that if the statute is not satisfied, General Statutes § 42a-1-207 allows the contract to be enforced to the extent of $5,000, regardless of the claimed value of the property.
On August 27, 1996, in response to the plaintiff's opposing memorandum, the defendant filed a supplemental memorandum of law in support of his motion to strike. There, the defendant claims that General Statutes §§ 42a-2-711 through 42a-2-718 do not include the damages claimed by the plaintiff.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citations omitted; internal quotation marks omitted.) RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993), citing Practice Book § 152.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825-26, ___ A.2d ___ (1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826. CT Page 8394
A court is required to specify, in writing, the legal basis for its decision where more than one ground is set forth in a motion to strike. Practice Book § 156; Kaminski v. Fairfield,216 Conn. 29, 39 n. 1, 578 A.2d 1048 (1990)
In his motion to strike, the defendant alleges that the plaintiff's complaint fails to state a claim upon which relief may be granted because it fails to comply with General Statutes § 42a-1-206 and is, therefore, not enforceable. The defendant's reliance on this section of the Uniform Commercial Code ("UCC") is misplaced.
General Statutes § 42a-1-206 applies to kinds of personal property not otherwise covered by the UCC. The statute specifically states: "Subsection (1) of this section does not apply to contracts for the sale of goods nor of securities nor to security agreements." General Statutes § 42a-1-206(2).
The sale of goods is governed by Article 2 of the UCC. See General Statutes § 42a-2-101. Article 2 "applies to transactions in goods . . . ." General Statutes § 42a-2-102;Kunian v. Development Corp. of America, 165 Conn. 300, 307,334 A.2d 427 (1973); Sun Hill Industries, Inc. v. Kraftsman Group,Inc., 27 Conn. App. 688, 693, 610 A.2d 1185, cert. denied,223 Conn. 913, 614 A.2d 830-31 (1992). "Goods" is defined as "all things, including specially manufactured goods, which are movable at the time of identification to the contract for sale other than money in which the price is to be paid. . . ." General Statutes § 42a-2-105; Tyler Equipment Corp. v. Wallingford, 212 Conn. 167,171, 561 A.2d 936 (1989). Thus, because the parties to the present action allegedly had a contract for the sale of a motorcycle, which is a movable good, their transaction is governed by Article 2 of the UCC. See Kunian v. DevelopmentCorp., supra, 165 Conn. 308.
By citing General Statutes § 42a-1-206, the defendant appears to raise the statute of frauds as the basis for his motion to strike.[1] Since the alleged transaction is governed by Article 2 of the UCC, however, the appropriate provision is General Statutes § 42a-2-201(1).
Because the defendant moves to strike only the plaintiff's complaint and the plaintiff states a claim upon which relief may be granted, I need not address the defendant's arguments regarding the plaintiff's prayer for relief. CT Page 8395
Since the defendant's motion to strike pertains to the plaintiff's entire complaint and the plaintiff states a claim upon which relief may be granted, the defendant's motion to strike the plaintiff's complaint for failure to state a claim for which relief may be granted is denied.
Zoarski Judge Trial Referee