[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant, Wasyl Lencyk, filed an apportionment complaint against an unknown defendant whom he calls "John Doe". The apportionment complaint was served upon the Commissioner of Motor Vehicles as the "statutory agent for service."
The plaintiffs, Richard Daily, Sr., Carol Daily, and Richard Daily, Jr., have filed a motion to strike the apportionment CT Page 108 complaint on the ground that "the apportionment statute, [General Statutes § 52-102b], does not permit the naming of fictitious `John Doe' defendants as apportionment defendants."
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993).
The parties agree that "Connecticut's trial courts are split on the propriety of using fictitious names in civil actions when the identity of the defendant is unknown at the commencement of the suit. . . ." Catalan v. Machnik Construction Co., Inc., Superior, Court, judicial district of New London at New London, Docket No. 535192, 16 CONN. L. RPTR. 285 (March 8, 1996) (Austin, J.).
"[A]llowing a defendant to cite in a John Doe defendant . . . is violative of the spirit and intent of Tort Reform II as recently clarified by our Supreme Court in Donner v.Kearse, 234 Conn. 660, 670, 662 A.2d 1269 (1995). . . .
"Under [General Statutes § 52-102b], `a defendant in any civil action to which section 52-572h . . . applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable . . . for a proportionate share of the plaintiffs damages. . . .' . . . The writ, summons, and complaint, `shall be served within one hundred twenty days of the return date specified in the plaintiff's original complaint.' . . . Once properly served, the so called apportionment defendant becomes a party for all purposes. . . ."
"To allow the defendant to name a John Doe apportionment defendant would be an unjustified departure from the legislative intent of Tort Reform II because it would expand, rather than limit, the universe of negligence to non-particular, unidentifiable persons from whom the jury would then determine the percentage of responsibility for the plaintiff's injuries. Allowing such a practice would have the practical effect of converting Tort Reform II into the prior tested and rejected policies of Tort Reform I.
"Therefore, the court finds that Tort Reform II requires a defendant to limit his choice of apportionment defendants to particular, identifiable persons who, after being actually served, become parties to the suit. A `John Doe' apportionment defendant can never fit into this class of persons, and therefore CT Page 109 can never be a part of a legally sufficient apportionment complaint." Catalan v. Machnik Construction Co., Inc., supra, Superior Court, Docket No. 535192, 16 CONN. L. RPTR. 285.
This court aligns itself with the well reasoned decision of Judge Austin. Therefore, since the apportionment complaint names an unidentifiable person, it is legally insufficient. The plaintiffs motion to strike the apportionment complaint is granted.
D'ANDREA, J.