[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1647
The plaintiff, the Jewish Home for the Elderly of Fairfield County, filed a complaint against the defendants, Michael J. Cantore, Jr. and Continental Casualty Company, entitled "action on probate bond." The plaintiff seeks damages for the defendants' negligence as conservator for non-party Diana R. Kosminer. Specifically, the plaintiff claims that the defendant Cantore breached his fiduciary duty to Kosminer by failing to provide certain information to the Connecticut Department of Social Services. The plaintiff also alleges that, defendant Cantore negligently failed to properly liquidate Kosminer's assets in order to obtain Medicaid assistance for Kosminer. These acts, according to the plaintiff, resulted in the Plaintiff not receiving payment owed to it for care and services rendered to Kosminer.
The defendants have filed a motion to strike the complaint on the ground that "the plaintiff . . . has no standing to maintain this action against the defendants . . . as there [was] no duty owed [by the defendants] to this disgruntled creditor." The court (Karazin, J.) previously denied a motion to dismiss based on virtually identical grounds.
"The proper method to test the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
The plaintiff argues initially that the motion to strike is an improper procedural vehicle by which to assert the defendant's arguments. The court agrees that "standing . . . implicates a court's subject matter jurisdiction." Stamford Hospital v. Vega,236 Conn. 646, 656, 674 A.2d 821 (1996). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." ( Internal quotations omitted.) Sadloskiv. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995).
The issue presented by the defendants' motion to strike, however, is whether the plaintiff has pleaded facts which equate CT Page 1648 a legally sufficient cause of action sounding in negligence against the defendants. This is a proper issue to be decided on a motion to strike. See Gulack v. Gulack, supra,30 Conn. App. 309.[1]
The defendants argue that the plaintiff's negligence cause of action cannot stand because there was no duty owed by the defendants to the plaintiff. The plaintiff argues simply that General Statutes § 45a-144 is authority for this action.
General Statutes § 45a-144 states in relevant part: "Any person claiming to be aggrieved by the breach of a probate bond . . . in his own right . . . may bring an action to recover for the breach in his own name under the following conditions: (1) Before bringing the action, the person shall secure the consent of the judge of the court of probate in which the bond was given. . . ."
Based on the explicit language of General Statutes § 45a-144, a cause of action exists for any person claiming to be aggrieved by the breach of a probate bond. General Statutes § 45a-144, however, is not a license for an aggrieved party to bring an action sounding in negligence against the party breaching the bond.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384, 650 A.2d 153 (1994). The determination of the issue in the present case hinges on whether a conservator owes any sort of duty to a ward's creditor.
"[T]he determination of whether a duty exists between individuals is a question of law." Jaworski v. Kiernan,241 Conn. 399, 404, 696 A.2d 332 (1997). "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the CT Page 1649 ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Citation omitted; internal quotation marks omitted.) Jaworski v. Kiernan, supra,241 Conn. 405.
In the present case, the plaintiff alleges specifically that the defendants are responsible for a "three-year delay in properly spending down Kosminer's assets and completing the Medicaid application process [thereby delaying] Kosminer's Medicaid eligibility [which] cost the . . . [plaintiff] thousands of dollars."
"A conservator of the estate under our law, is a person appointed by the court of probate . . . to supervise the financial affairs of a person found to be incapable of managing his or her own affairs. . ." (Citation omitted; internal quotation marks omitted.) Marcus' Appeal from Probate v.Department, 199 Conn. 524, 528, 509 A.2d 1 (1986). "The court, and not the conservator, is primarily entrusted with the care and management of the ward's estate, and, in many respects, the conservator is but the agent of the court." Id., 529.
"[O]ur probate laws are enforced to ensure that the ward, during incompetency, continues to live in the manner to which he or she is accustomed and to preserve the estate for the enjoyment of the ward upon his or her possible return to competency. Although the ward, if competent, might have disposed of her property in the manner effected by [the conservator] and yet been qualified for medicaid benefits, we do not believe that federal law requires a presumption that she would have done so." Marcus'Appeal from Probate v. Department, supra, 199 Conn. 536-37.
Based on the dicta found in Marcus' Appeal, it appears that the harm alleged by the plaintiff is not of the type for which a conservator can be held responsible. The plaintiff seeks damages based on the fact that the defendants failed to timely liquidate Kosminer's assets. This cause of action necessarily implies, at the very least, a presumption that Kosminer would have liquidated her assets if she was capable. Such an implication is improper. In short, conservator does not owe a legal duty to a creditor to liquidate the assets of his ward in order to obtain Medicaid assistance for the ward.
"The final step in the duty inquiry . . . is to make a CT Page 1650 determination of the fundamental policy of the law, as to whether the [defendants'] responsibility should extend to such results." (Citations omitted; internal quotation marks omitted.) Jaworskiv. Kiernan, supra, 241 Conn. 405-06.
The defendants argue that to allow a negligence cause of action in this type of case would open the floodgates of negligence actions against conservators in this state. Specifically, the defendants state: "Everyone who could possibly have contact with the incapable party, his property, and his assets could [assert] a negligence claim against the conservator." This statement is a little strong. The court agrees, however, that it would be a bad policy of law to require a conservator to consider the needs and desires of a ward's creditors, in addition to the needs and desires of the ward herself.
The court notes, as further support for its conclusion, that the plaintiff rephrases its cause of action in its reply memorandum by stating: "The Home is alleging that [the defendants] owed a fiduciary duty to Kosminer to properly administer her affairs and provide for her care. The Home is aggrieved by the [defendants'] breach of [their] duties to provide for Kosminer's care, and is seeking redress by bringing this action on the probate bond for such breaches."
The plaintiff, in this statement, concedes that any duty owed by the defendant Cantore is solely to the ward Kosminer. The specific action brought here, however, is legally insufficient.
The defendants' motion to strike the plaintiff's complaint is granted.
D'ANDREA, J.