[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Sheila A. Ryan, has sued the defendant, Allstate Indemnity Company, alleging an uninsured motorist claim for negligence (count one), breach of contract (count two), and breach of the covenant of good faith and fair dealing (count three). The plaintiff is seeking to recover damages for injuries arising from an automobile accident with an uninsured motorist, and the defendant is the plaintiff's uninsured motorist insurance provider.
The defendant filed a motion to strike counts two and three of the complaint "for the reason that they fail to state legally sufficient claims upon which relief can be granted."[1] The plaintiff conceded at oral argument that the motion to strike count two should be granted. The court, therefore, need only address the motion to strike count three.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, U.S, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." Gupta v. New Britain GeneralCT Page 4589Hospital, 239 Conn. 574, 598, 687 A.2d 111 (1996).
The plaintiff alleges that the defendant insurance company entered into a contract with the plaintiff to provide the plaintiff with insurance benefits in situations such as presented here. The plaintiff further alleges that the defendant "has made no attempt in good faith to effectuate prompt, fair and equitable settlement of the plaintiff's claim in which liability is clearly established."
The allegation that the defendant has made no attempt to settle this claim is an allegation that the defendant has injured the right of the plaintiff to receive the benefits of the insurance contract. However, the plaintiff does not allege that the defendant had a dishonest purpose in denying the plaintiff uninsured motorist coverage.
Count three of the complaint is legally insufficient. The motion to strike count three of the complaint and the corresponding prayer for relief, therefore, is granted.
So ordered.
D'ANDREA, J.