[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#109.50)
The defendants, Henry Avis-Vieira and Sandra Strachan, have filed a motion to dismiss on the grounds that the plaintiff, Melvin A. Lintz, "does not have standing . . . to maintain an action wherein his claims are those of a New York corporation CT Page 5583 that is not a party . . . ." In essence, the defendants are arguing that the plaintiff's claims should be brought as a shareholder's derivative action. The plaintiff argues that his claims "stem from the independent duty arising from [a] contract" made between the plaintiff and defendant Avis-Vieira.
"[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646, 656,674 A.2d 821 (1996). A motion to dismiss is the proper procedural vehicle by which to assert a lack of subject matter jurisdiction. See Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995).
As an initial matter, the court notes that the defendants argue, without citation, that New York substantive law applies to the present case. Specifically, the defendants argue that "[s]ince all relationships and duties alleged by the plaintiff arise out of the parties' relationship to the New York corporation . . . which is a creature of New York law, New York law is the controlling source of law governing its internal affairs."
The defendants' conclusion places the proverbial cart before the horse. The court must first determine whether the present action is a personal tort claim, or a shareholder's derivative suit. Once the court is able to determine the nature of the claim before it, the court can reach the choice of law question.
"[I]n order for a shareholder to bring a direct or personal action against the corporation or other shareholders, that shareholder must show an injury that is separate and distinct from that suffered by any other shareholder or by the corporation. . . . [See] In re Ionosphere Clubs, Inc.,17 F.3d 600, 605 (2d Cir. 1994) (`[t]he distinction between derivative and direct claims turns primarily on whether the breach of duty is to the corporation or to the shareholder[s] and whether it is the corporation or the shareholder[s] that should appropriately receive relief')." (Citation omitted.) Fink v. Golenbock,238 Conn. 183, 200-01, 680 A.2d 1243 (1996).
In the present case, the court is unable to determine whether the plaintiff is alleging an injury to himself personally or to a corporation. In fact, the plaintiff does not allege that any injury was done. The plaintiff's complaint contains many lengthy CT Page 5584 paragraphs of facts, but is devoid of allegations of harm or damages caused to any entity.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). Currently before the court is a motion to dismiss. However, the court cannot determine whether it has jurisdiction over the subject matter of an action until a cause of action has been alleged. There currently is no cause of action before the court. The motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut, this 8 day of May, 1998
KARAZIN, J.