[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #200
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut. Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
In this state, "spoliation" refers to a rule of evidence, and is not a cause of action. See Beers v. Bayliner Marine Corp.,236 Conn. 769, 775, 675 A.2d 829 (1996) ("[T]he trier of fact may draw an inference from the intentional spoliation of evidence that the destroyed evidence would have been unfavorable to the party that destroyed it.") Similarly, in Vodusek v. BaylinerMarine Corp., 71 F.3d 148 (4th Cir. 1995), a federal case brought in admiralty, the court stated that spoliation is "a rule of evidence, to be administered at the discretion of the trial court. Consequently, a party need not indicate its intent to invoke the spoliation rule in the pleadings." Id., 155-56. Therefore, under both state procedural law and admiralty substantive law, there is no cause of action available for spoliation of evidence.
Count four of the defendant William Cox's cross complaint is legally insufficient. The motion to strike, therefore, is granted.
MINTA, J.