[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Jacob Zygmont, a minor, and Eva and James Zygmont, his parents filed a revised three count complaint against the defendant, Stamford Health Systems, Inc. The complaint alleges the following. On or about February 8, 1999, Eva Zygmont took her son Jacob to the defendant's emergency department for treatment of croup cough. The hospital staff discharged Jacob one and a half hours later. Early the following morning, and while being held in his mother's arms, Jacob lost consciousness due to a brief respiratory arrest. Jacob was rushed by ambulance to the emergency department of the defendant's hospital. Within several hours after arriving at the emergency department, Jacob went into respiratory arrest followed by cardiopulmonary arrest.
The minor plaintiff, Jacob, alleges in count one that he has suffered permanent injuries as a result of the hospital's failure to monitor, diagnose and treat him properly. The plaintiff parents allege in count two that they have incurred, and will incur, medical expenses in treating and taking care of the child. The plaintiff mother, Eva, alleges in count three that she has suffered bystander emotional distress in witnessing the trauma suffered by her son.
The defendant has filed a motion (#113) to strike the third count. CT Page 14643 "Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39; see also Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 270, 709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the plaintiffs have stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103,117 S.Ct. 1106, 137 L.Ed.2d 308 (1997).
The defendant brings the motion to strike on the ground that no cause of action exists for a bystander emotional distress claim in the medical malpractice context. "There is a split of authority in the superior court concerning whether an individual may state a legally sufficient cause of action for bystander emotional distress in the medical malpractice context. The majority of cases do not allow such actions." Kilnkowozev. Greenwich Hospital Assoc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 170276 (October 29, 1999,D'Andrea, J.).
In Maloney v. Conroy, 208 Conn. 392, 393, 545 A.2d 1059 (1988), the Supreme Court held "that a bystander to medical malpractice may not recover for emotional distress. . . ." In Maloney v. Conroy, the plaintiff sought damages for negligent infliction of emotional distress she suffered as a result of the defendant's medical malpractice in the treatment of her deceased mother. The court stated that: "[t]o allow recovery by one, like the plaintiff, who has been more or less constantly `at the bedside' of the malpractice victim during the period of treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted. . . . The restriction of current liberal practices with respect to patient visitation in order to reduce the incidence of bystander emotional disturbance claims would be a regrettable social consequence of enlarging the right to recover for emotional disturbances based upon the impact of medical malpractice upon bystanders." Id. Therefore, because the plaintiff brings an action for bystander emotional distress in a medical malpractice context, there can be no recovery under the Maloney holding.
The Supreme Court most recently addressed the issue of bystander emotional distress actions in Clohessy v. Bachelor, 237 Conn. 31,675 A.2d 852 (1996). In that case the plaintiff mother and the plaintiff CT Page 14644 brother sought to recover damages for emotional injuries inflicted when the defendant's automobile negligently struck and killed Brendan Clohessy. Id., 32-3. The court held that claims for bystander emotional distress should be recognized in certain instances. Id., 38-44. "We believe the time is ripe to recognize a cause of action for bystander emotional distress. Under certain circumstances, which are hereinafter delineated, we conclude that a tortfeasor may owe a legal duty to a bystander. Consequently, a tortfeasor who breaches that duty through negligent conduct may be liable for a bystander's emotional distress proximately caused by that conduct." Id., 46. This court, together with others, has previously held that Clohessy v. Bachelor did not overruleMaloney v. Conroy. Langella v. G-WZ of Stamford, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 148891 (August 2, 1996, Lewis, J.). "In fact, Clohessy indicated that bystander emotional distress was a problematic cause of action in the medical malpractice context". Smith v. Humes, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 143884 (July 22, 1997, Ryan,J.).
The Supreme Court's decision in Mendillo v. Board of Education,246 Conn. 456, 480, 717 A.2d 1177 (1998), indicates that the holding inClohessy v. Bachelor did not overrule Maloney v. Conroy. "Although we have never specifically said so, our cases suggest that the imposition of third party liability on a tortfeasor is an exception to the general rule of the scope of tort liability that requires satisfaction of a special policy inquiry." Mendillo v. Board of Education, supra, 480. "Thus, we have held that, for reasons of public policy . . . a physician owed no duty of care to his patient's daughter, who suffered emotional distress from observing her mother's health deteriorate from the physician's substandard care; Maloney v. Conroy, 208 Conn. 392, 399, 545 A.2d 1059
(1988). . . ." Id.
"The fact that the . . . plaintiffs have suffered a `genuine injury' is insufficient, at least in and of itself, to serve as a basis for imposing third party liability on the defendants. Such an injury is presumably present in all of the cases in which, for policy reasons, we have nonetheless declined to impose such liability. See, e.g., . . . Maloneyv. Conroy, supra, 208 Conn. 403. . . . Indeed, if the presence of a genuine injury were legally sufficient to impose third party liability, the only limitations on such liability would be the far reaches of foreseeability." Mendillo v. Board of Education, supra, 246 Conn. 492-93. Accordingly, because the appellate courts of this state still do not recognize a cause of action for bystander emotional distress in the context of medical malpractice cases, the defendant's motion to strike the third count of the plaintiff's complaint is granted. CT Page 14645
So Ordered.
Dated at Stamford, Connecticut this 30th day of November, 2000.
WILLIAM BURKE LEWIS, JUDGE T. R.