[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The plaintiffs, Antoinetta Chieffo, Bernard Chieffo, Christopher Chieffo and Francesca Chieffo, filed a nineteen count complaint on June 29, 2000 against the defendants, John T. Yannielli, executor of the estate of Bertha Yannielli, and Windsor Insurance Company. The plaintiffs have brought this action for personal injuries and losses they allegedly sustained in an automobile accident with the defendants. The relevant counts of the plaintiffs' complaint include the following: counts one, CT Page 1775 four and six that allege negligence against Bertha Yannielli in operating her motor vehicle; and counts two, five and seven that allege recklessness in violation of General Statutes § 14-295. The relevant prayer for relief consist of the plaintiffs' request for double or treble damages based on the defendants' violations of General Statutes §14-295.
The defendant John T. Yannielli filed a motion to strike the three recklessness counts of the plaintiffs' complaint and its prayer for relief seeking double or treble damages. As required by Practice Book § 10-42, the defendants have filed a memorandum in support of its motion to strike, and the plaintiff has timely filed a memorandum in opposition.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). "[T]he court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Pamela B. v. Ment, supra, 224 Conn. 308. "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must by denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citations omitted.) PamelaB. Ment, supra, 244 Conn. 308.
The defendants move to strike the recklessness counts of the plaintiffs' complaint "on the grounds that they are insufficient as a matter of law as the complaint does not contain a sufficient claim of recklessness to warrant a claim for double or treble damages pursuant to Connecticut General Statutes § 14-295." The defendants argue that their motion to strike should be granted "[b]ecause the allegations contained in the reckless count fail to allege additional facts from the claim of negligence and [fail] specifically [to] allege facts which would support a claim for recklessness." (Defendants' memorandum in support of defendants' motion to strike, p. 7.) In opposition, the plaintiffs argue that the motion to strike should be denied because "[b]y making their claims for double or treble damages in counts separate from those alleging negligence, tracking the specific language of 14-295 of the Statutes, and filly citing the language of the Statutes which are claimed to have been deliberately or recklessly disregarded, the plaintiffs have fulfilled their duty of fairly appraising the defendant of the state of CT Page 1776 facts which the plaintiffs intend to prove." (Plaintiffs' memorandum in opposition, p. 4.).
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." (Emphasis added.) Those sections cited in § 14-295 "are referred to as trigger statutes because a violation of one of these sections triggers the double or treble damages provision" of § 14-295. Meiliken v. Romano, Superior Court, judicial district of Stamford-Norwalk at Stamford (April 28, 1994, Lewis, J.).
"The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue." Torresv. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.). "One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence . . ." Id. (Citations omitted.) "The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries. . . ." (Citations omitted.) Id.
This court has previously found the majority point of view more persuasive and has stated that "[a]ccording to this view, General Statutes § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct . . . This court concurs with the holdings in the second line of cases." (Internal quotations omitted.) Id., citing O'Loughlin v. Horvath, Superior Court, judicial district of Waterbury, Docket No. 131502 (June 27, 1997, Doherty, J.); see alsoErdman v. Dowdy, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360603 (March 29, 2000, Skolnick, J.) ("the plaintiff is required only to allege that the defendant deliberately or with reckless disregard violated one of the statutory provisions outlined CT Page 1777 in sec. 14-295 and that such violation was a substantial factor in causing the plaintiff's injuries.").
In the present case, the plaintiffs have alleged that the defendants operated the motor vehicle "with reckless disregard," in violation of General Statutes §§ 14-218a,[1] and 14-222,[2] two of the sections enumerated in § 14-295, and that the defendants' reckless disregard "was a substantial factor in causing the [plaintiffs'] injuries." The court finds that the plaintiffs' allegations for a recklessness count pursuant to General Statutes § 14-295 are legally sufficient under the majority line of Superior Court cases for a claim of double or treble damages pursuant to § 14-295. See Torres v. Jacovino, supra, Superior Court, Docket No. 150549; see also Walton v. Duct Vent Cleaning ofAmerica, Superior Court, judicial district of Middlesex at Middletown, Docket No. 089850 (January 6, 2000, Shapiro, J.).
Accordingly, the defendants' motion to strike counts two, five and seven is hereby denied.
Having found that the recklessness counts are sufficiently plead, the court hereby denies the defendant's motion to strike the plaintiff's prayer for relief for double or treble damages.
By the Court
Joseph W. Doherty, Judge