[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #102
The plaintiff, Laraine M. Sholler, filed a complaint on August 19, 1996, naming her father, Will G. Luippold, as defendant. The plaintiff seeks the partition of real property located at 485 Savoy Street, Bridgeport, CT, owned by the plaintiff and defendant as tenants in common, or in the alternative, a sale of same. The defendant filed an answer and counterclaim on October 22, 1996. In the counterclaim, the defendant requests the court to impose a constructive trust on the property for the benefit of himself, as tenant in common and as conservator for his son David, the plaintiff's disabled brother. On November 4, 1996, the plaintiff filed a motion to strike the defendants counterclaim on the ground that it is legally insufficient. The defendant filed an opposition memorandum on December 18, 1996.
"The function of the motion to strike is to test the legal sufficiency of a pleading . . . ." Napoletano v. Cigna Healthcareof Connecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." Waters v.Autouri, 236 Conn. 820, 825, 676 A.2d 357 (1996).
The plaintiff argues that the defendant has failed to allege the elements necessary to assert a proper claim for a constructive trust. In particular, the plaintiff argues that the defendant has failed to allege a duty owed by the plaintiff to the defendant, or any special relationship between the parties. The plaintiff also claims that she will not be unjustly benefited by seeking the remedies set forth in the complaint. The defendant argues that the necessary elements of a constructive trust have been set forth within the counterclaim. The defendant argues that the duty owed by the plaintiff was to retain the property for her brother, and that the plaintiff would be unjustly enriched by a forced sale of the property, because the plaintiff's mother's intent was that the plaintiff retain partial ownership for the CT Page 9704 benefit of her brother.
"[A] constructive trust arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity or good conscience, either has obtained or holds the legal right to property which he ought not, in equity or good conscience, hold or enjoy." (Internal quotation marks omitted.) Wendell Corp.Trustee v. Thurston, 239 Conn. 109, 113, 680 A.2d 1314 (1996). "Moreover, the party sought to be held liable for a constructive trust must have engaged in conduct that wrongfully harmed the [movant]." Id., 114. "[A] special or confidential relationship must [exist] between the transferor and the transferee . . . ."Gulack v. Gulack, 30 Conn. App. 305, 311, 620 A.2d 181 (1993). "A confidential relationship exists not only where there is a fiduciary relation . . . but also where, because of family relationship . . . the transferor . . . is justified in placing confidence in the belief that the transferee will act in the interest of the transferor." (Internal quotation marks omitted.) Id., 312.
It is evident that as pleaded, the required relationship existed between the plaintiff as the transferee and the plaintiff's mother as the transferor of the one half interest in the property. The defendant alleged in the counterclaim that the plaintiff's mother placed her trust in the plaintiff to hold the property as a joint tenant for the benefit of the defendant and her brother. The defendant also alleges that the plaintiff enjoyed a confidential relationship with her mother and that her mother was entitled to rely upon the plaintiff to carry out her wishes.
Additionally, the defendant has pleaded sufficient facts to show that the plaintiff will be unjustly enriched by a partition or sale of the property. "To conclude that a constructive trust exists, the trial court must find, in addition to the existence of a confidential relationship, that unjust enrichment of the party holding title would occur if the trust were not imposed."Gulack v. Gulack, supra, 30 Conn. App. 313. The defendant has alleged that when the plaintiff inherited the subject property, she knew it was to be held for the benefit of her disabled brother. The court must construe the facts in the counterclaim most favorably to the defendant, Waters v. Autouri, supra,236 Conn. 825, which "includes the facts necessarily implied and CT Page 9705 fairly provable under the allegations . . . ." Westport Bank Trust Co. v. Cocoran, Mallin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). Although no facts have been explicitly pleaded showing that the requested partition or sale of the property would unjustly enrich the plaintiff at the expense of the defendant or the plaintiff's brother, it can be inferred from the pleadings that the plaintiff was only to hold legal title in one half of the subject property for the benefit of the defendant and her brother as per her mother's instructions. Therefore, a partition or sale of the property would necessarily confer on the plaintiff an unjust benefit.
It is clear that the defendant has alleged sufficient facts to state a claim for a constructive trust. Therefore, the plaintiff's motion to strike the defendant's counterclaim is denied.
WEST, JUDGE