[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #104
On November 24, 1997, the plaintiff, April Shier, filed a revised two count complaint against the defendants. Kimberly Bell and Linda B. Young, arising out of a 1997 automobile accident. The complaint sounds in negligence (count one) and recklessness (count two). The defendants have filed a motion to strike the second count of the complaint.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216. 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
The defendants move to strike the second count of the complaint on the ground that "the plaintiff has relied upon the same factual pattern as that contained in the first count of the complaint sounding in simple negligence and, therefore, [has] failed to allege sufficient facts to support a claim of recklessness." Count two of the plaintiffs complaint realleges the facts of count one and adds that the defendants' violation of General Statutes § 14-218a and General Statutes § 14-301
were in "reckless disregard of the safety of other motorists upon the roadway."
General Statutes § 14-295 states: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
There is no appellate authority that directly addresses the pleading requirements of General Statutes § 14-295. At the CT Page 13155 trial court level, there is a split of authority. "In the first line of cases, courts have interpreted § 14-295 as requiring the plaintiff to plead facts sufficient to support a claim of recklessness at common-law, rather than simply alleging that the defendant has violated one or more of the statutory sections enumerated in § 14-295. . . . Additionally, these courts have held that [t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. . . .
"The second line of cases holds that a plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in [General Statutes] § 14-295. . . . Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes [§] 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries. . . . According to this view, § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." (Citations omitted; internal quotation marks omitted.)Mascia v. Brewer, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149293 (Jan. 6. 1997. D'Andrea. J.).
This court aligns itself with the courts allowing a cause of action for recklessness provided that the plaintiff has pleaded that "the defendant violated one or more of the statutory provisions enumerated in General Statutes [§] 14-295 and that this violation was a substantial factor in causing the plaintiffs injuries."
In the present case, the plaintiff has properly pleaded the requisite elements of an action brought under General Statutes § 14-295. The defendants' motion to strike count two of the plaintiff's complaint, therefore, is denied.
Mintz, J.