[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION STRIKE # 103
On May 21, 1997, the plaintiffs, Julio and Juana Cardenas, filed a four-count complaint against the defendants, Anthony J. and Mary C. Mixcus. The complaint sounds in negligence (count one), recklessness (count three), and loss of consortium due to negligence (count two) and recklessness (count four).
The plaintiffs are seeking damages for injuries resulting from a fall off a set of unsecured steps owned and maintained by the defendants. The plaintiffs allege that the steps appeared to be secured to the side of a retaining wall. When Mr. Cardenas stepped on the top step, "the stairs fell away from the wall, causing [him] to fall to the stone patio" below. Apparently, the steps were unsecured and merely leaning against the wall.
The defendants have filed a motion to strike counts three and four of the complaint on the ground that "[a]bsent allegations that the defendant intended to injure the plaintiff, the third count claiming recklessness is legally insufficient and should be stricken. The [f]ourth [c]ount for loss of consortium based upon recklessness is likewise insufficient and should be stricken." The defendants also seek to strike the related prayer for relief. CT Page 2076
The issue is whether a complaint sounding in common law recklessness requires an allegation that the defendant intended to injure the plaintiff.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut,Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996), cert. denied, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997).
The defendants argue that the third count should be stricken because the plaintiffs fail "to allege an intent to injure." An allegation of "an intent to injure," according to the defendants, is required to support a cause of action sounding in common law recklessness.
The defendants rely, in part, on dicta found in Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). TheDubay court stated that: "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citation omitted; internal quotation marks omitted.) Id., 532.
There is nothing in the above discussion of recklessness that suggests a requirement to allege an intent to injure. Some ambiguity exists, however, in language found in Dubay
immediately following the above quoted text: "Willful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . Not only the action producing the injury but the resulting injury also must be intentional. While we haveattempted to draw definitional distinctions between the termswillful . . . or reckless, in practice [these] terms have beentreated as meaning the same thing." Id., 533. Emphasis CT Page 2077 added.
This language could be construed as suggesting that wilful conduct and reckless conduct are the same. And, since an allegation of wilful conduct requires an allegation of an intent to injure, then so too does an allegation of reckless conduct. This, however, is a flawed reading of Dubay.
The cause of action for recklessness has been summarized by a trial court citing Dubay as follows: "In order to rise to the level of recklessness, [the] action producing the injury must be intentional and characterized by highly unreasonable conduct which amounts to an extreme departure from ordinary care. . . ." Prudential Property Cas. v. CL P, Superior Court, judicial district of New Haven at Meriden, Docket No. 255016, 19 CONN. L. RPTR. 659 (June 27, 1997, Gaffney, J.).
Based on this language, the court discerns a subtle legal distinction between wilful and reckless conduct. An action sounding in wilful conduct requires an allegation of an intent to injure the plaintiff. An action sounding in reckless conduct requires an allegation of an intentional act that results in injury.
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. . . . There is a wide difference between negligence and reckless disregard of the rights or safety of others. . . . A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. . . . In other words, it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action." PrudentialProperty Cas. v. CL P, supra, Superior Court, Docket No. 255016, 19 CONN. L. RPTR. 659.
In the present case, the plaintiffs separately plead the causes of action for negligence and recklessness. Specifically, the plaintiffs allege that the defendants were negligent by causing the demised condition, or by failing to inspect, warn, correct, or safeguard persons on the premises. The plaintiffs allege that the defendants were reckless by failing to secure the steps to the wall while knowing that the steps appeared to be secured. The plaintiffs also allege that the defendants were reckless by leaving the steps unguarded and not posting a CT Page 2078 warning.
The conduct alleged by the plaintiffs could be characterized by a trier of fact as "highly unreasonable conduct which amounts to an extreme departure from ordinary care." It also may be properly inferred from the plaintiffs' complaint that the plaintiff is alleging that the defendants intentionally left the steps unsecured, unguarded, and intentionally failed to post a warning. See Ferryman v. Groton, 212 Conn. 138,146, 561 A.2d 432 (1989) ("What is necessarily implied need not be expressly alleged"). (Internal quotation marks omitted.)
There is no need for the plaintiffs to allege that the defendants intended to injure the plaintiffs in order for them to maintain a cause of action sounding in recklessness. The plaintiffs' properly allege all of the elements necessary to support such a claim. The third count of the plaintiffs' complaint, therefore, is legally sufficient.
The fourth count and prayer for relief both derive from the third count. The defendants' motion to strike the third and fourth counts of the complaint, as well as the corresponding prayer. for relief, therefore, is denied.
MINTZ, J.