[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#101)
On January 12, 1998, the plaintiff, Inna Satanovskaya, filed a two count complaint against the defendant, Dina M. Barberio. The plaintiff seeks damages for injuries arising from a motor vehicle accident. The complaint sounds in negligence (count one) and recklessness (count two).
The plaintiff alleges, in count two of her complaint, that the defendant "operated her vehicle with reckless disregard for the health, safety and physical well-being of other travelers on the roadway . . . in that, the [d]efendant" violated General Statutes § 14-218a and General Statutes § 14-222. The plaintiff also alleges that the defendant "operated said vehicle recklessly as to endanger the life of another person. . . ."
The defendant moves to strike the second count of the complaint on the ground that it is "legally insufficient, and [the plaintiff] fails to allege facts sufficient to support a claim of double or treble damages pursuant to [General Statutes §] 14-295."
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiffs], to determine whether the [plaintiffs have] stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
General Statutes § 14-295 states: "In any civil action to recover damages resulting from personal injury, wrongful death or CT Page 2519 damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222, 14-227a, 14-230, 14-234, 14-237,14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
There is no appellate authority that directly addresses the pleading requirements of General Statutes § 14-295. At the trial court level, there is a split of authority. "In the first line of cases, courts have interpreted § 14-295 as requiring the plaintiff to plead facts sufficient to support a claim of recklessness at common-law, rather than simply alleging that the defendant has violated one or more of the statutory sections enumerated in § 14-295. . . . Additionally, these courts have held that [t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature. . . .
"The second line of cases holds that a plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes enumerated in [General Statutes] § 14-295. . . . Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes [§] 14-295
and that this violation was a substantial factor in causing the plaintiff's injuries. . . . According to this view, § 14-295
does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." (Citations omitted; internal quotation marks omitted.) Mascia v. Brewer, Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 149293 (Jan. 6, 1997, D'Andrea, J.).
This court aligns itself with the courts allowing a cause of action for recklessness provided that the plaintiff has pleaded that "the defendant violated one or more of the statutory provisions enumerated in General Statutes [§] 14-295 and that this violation was a substantial factor in causing the plaintiff's injuries."
In the present case, the plaintiff has pleaded the requisite CT Page 2520 elements of an action brought under General Statutes § 14-295. The defendant's motion to strike count two, therefore, is denied.
KARAZIN, J.