[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
CT Page 3922
The defendant/third party plaintiff, DeCaro, Inc., filed a single count third party complaint against the third party defendant, R R Pool Patio, Inc. The one count complaint sounds loosely in both indemnification and products liability. This action arises out of an injury the plaintiff, Bertram Levine, allegedly received when the wind caused a patio umbrella to become airborne and the umbrella struck Levine in the shoulder. The third party defendant allegedly sold the umbrella to the third party plaintiff.
The third party defendant has filed a motion to strike "the apportionment complaint . . . since it fails to state a claim for which relief may be granted."[1] Specifically, the third party defendant argues that since the plaintiff, Bertram Levine, filed a complaint sounding in negligence, the third party plaintiff cannot file a complaint against it seeking indemnification based on products liability.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
"[I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought. Such proof requires a plaintiff to establish four separate elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted.) Burkert v. PetrolPlus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
In the present case, the third party plaintiff alleges only CT Page 3923 elements of a products liability action: that the third party defendant sold an unsafe product; failed to inspect the product; and knew or should have known of the defect. The third party plaintiff does not plead the requisite elements for a common law indemnification claim.
The court need not reach the issue of whether a negligence defendant can seek indemnification from a third party based on a products liability theory. The third party complaint, as pleaded, is legally insufficient as a claim for common law indemnification. Therefore, the third party defendant's motion to strike is granted.
So Ordered.
MINTZ, J.