[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, John T. Loforese, filed this action against the defendants, Hard Rock Blasting Company, Inc. (Hard Rock) and D.R.S. Consultants, Inc. (D.R.S.). The complaint sounds in negligence against both defendants. The plaintiff is seeking reimbursement for damages to the interior and exterior of his home allegedly caused by blasting done in an area adjacent to his home.
The blasting allegedly was conducted by the defendant Hard Rock, who had retained the defendant D.R.S. "to support neighboring residences and monitor blasting and other related activities re[garding] the construction of a [neighboring] residence."
The defendant D.R.S. has filed a motion to strike count two of the complaint on the ground that the plaintiff fails to plead "facts which causally connect the obligations of the [d]efendant D.R.S. . . . through its contract with the [defendant] Hard CT Page 4003 Rock . . ., and the consequential damages to the [p]laintiff's residence."
"The proper method to test the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
The defendant argues that the plaintiff fails "to make any allegations showing the causal connection between the [d]efendant, D.R.S.'s, conduct and the [p]laintiff's injury.[1]
The plaintiff argues that such allegations are present in the complaint.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." Maffucci v. Royal Park Limited Partnership,243 Conn. 552, 566, ___ A.2d ___ (1998). Causation, or "proximate cause," is described as "[a]n actual cause that is a substantial factor in the resulting harm." Wagner v. Clark Equipment Company,Inc., 243 Conn. 168, 178, 700 A.2d 38 (1997).
In the present case, the plaintiff alleges that Hard Rock retained the defendant D.R.S. and D.R.S. performed a pre-blast inspection of the plaintiff's residence. The plaintiff further alleges that the defendant D.R.S. was negligent because it "a) did not properly monitor and observe [the] blasting and other related activities and consequently inform the [d]efendant Hard Rock . . . that its actions were improper, careless, and negligent; [and] b) did not properly inspect [the plaintiff's residence] in order to fully evaluate the nature of said structure." Finally, the plaintiff pleads that "as a result of said negligence and carelessness," he was damaged.
The plaintiff has properly pleaded that the activities of and improper inspection by D.R.S. were an actual cause of the harm to the plaintiff's property. Whether there is evidence enough to support these allegations is not an issue properly raised on a motion to strike. See generally, Napoletano v. Cigna Healthcareof Connecticut, Inc., supra, 238 Conn. 232-33. CT Page 4004
Count two of the plaintiff's complaint is legally sufficient. Therefore, the motion to strike count two of the complaint is denied.
D'ANDREA, J.