[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#114)
This lawsuit pertains to a release of mortgage regarding real property located in Branford, Connecticut. The plaintiffs, E. Theodore Peterson II and Penelope W. Peterson (hereinafter "Petersons"), have brought this action against the defendant, Capstead, Inc. ("Capstead") in a two count amended complaint dated January 7, 2000. The first count seeks damages pursuant to General Statutes § 49-8 (c)[1] for Capstead's alleged failure to timely deliver a valid mortgage release. The second count alleges an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq. ("CUTPA").
Capstead has moved to strike the CUTPA count on three grounds: (1) that the count fails to allege an unfair or deceptive trade practice, (2) that the remedy provided by § 49-8 effectively preempts the application of CUTPA, and (3) that the "mere failure to meet a deadline" is not sufficient to state a valid CUTPA claim. For the reasons set forth below, the motion to strike Count II (CUTPA) is denied.
 DISCUSSION
1. LEGAL STANDARD
CT Page 11854
"Whenever any party wishes to contest. . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . the party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39;Peter-Michael, Inc. v. Seal Shell Associates, 244 Conn. 269, 270 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309 (1993).
In deciding a motion to strike, "the role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378 (1997). "A motion to strike admits all facts well pleaded;" Parsonsv. United Technologies Corp., 243 Conn. 66, 68 (1997); including facts that are necessarily implied from the complaint's allegations. Pamela B.v. Ment, 244 Conn. 296, 308 (1998).
2. CUTPA
The amended complaint in Count II (CUTPA) alleges the following:
On July 17, 1992, the Petersons granted a $90,000 mortgage to Home Funding, Inc. secured by their property in Branford. The mortgage was recorded on the Branford land records. From 1992 to November, 1998, the Petersons made their mortgage payments to Capstead pursuant to Capstead's directions. No assignment of the mortgage was ever recorded.
On November 18, 1998, pursuant to a payoff letter received from Capstead, the Petersons, through their attorney, paid the mortgage debt in full. In connection with the payoff, the Petersons requested that a release of mortgage be provided to their attorney. On February 22, 1999, contrary to the Petersons' instructions, Capstead recorded an invalid release of mortgage that listed the wrong mortgagor.
The Petersons requested Capstead to give them a correct and valid release, but Capstead did not do so and continued not to do so as of January 7, 2000, the date of the amended complaint.
The Petersons' claim that the actions of Capstead in (1) accepting their mortgage payoff funds, and (2) failing to deliver a valid mortgage release for two years, despite requests from them to do so, was an unfair and deceptive trade practice and a violation of CUTPA that caused them to suffer money damages.
A. Allegation of Unfair Trade Practice
CT Page 11855
Capstead claims that the CUTPA count is defective because it does not allege that the conduct in question was a deceptive and unfair trade practice that resulted in a loss of money. Plainly, the language in the CUTPA count does allege that Capstead's conduct in not delivering a valid mortgage release was an unfair and deceptive business practice that caused money damage. In its Memorandum of Law In Support of Motion ToStrike, Capstead fails to articulate how the language fails to properly allege a business practice. To the extent Capstead is claiming that a single deceptive act cannot support a CUTPA action, the weight of authority in the Superior Court rejects that claim. See, e.g.,Nemeth/Martin Personnel Consulting, Inc. v. Starter Corporation, et al.,17 Conn.L.Rptr. 6 (August 26, 1996); Engram v. Zapert, 1996 WL 677463 (Conn.Super. 1996).
B. Impact of § 49-8
Capstead further claims that § 49-8 provides the remedy for the failure of a mortgagee to issue a release of mortgage. Capstead asserts that by limiting recovery under § 49-8 to the greater of five thousand dollars or the amount of loss sustained by the aggrieved party, the legislature foreclosed recovery under CUTPA. No authority is cited for this assertion.
The problem with Capstead's claim is that § 49-8 does not state that it is the sole remedy for failure to deliver a valid release of mortgage. Absent some limiting language such as that contained in the Workers' Compensation Act, § 31-284 (a), or Product Liability Act, § 52-572m, a plaintiff is free to seek recovery on alternative legal theories.
3. ADEQUACY OF CUTPA ALLEGATION
Capstead's third claim is that the allegation in this case is a failure to meet a deadline, which is neither immoral, unethical, oppressive nor unscrupulous and therefore not sufficient to support a CUTPA claim. In support of its position, Capstead relies on Normand Josef Enterprises v.Connecticut National Bank, 230 Conn. 486, 522-3 (1994). In NormandJosef, our Supreme Court ruled that where a bank improperly gave notice that a garnished account had no available funds without any intent to create a false impression, the technical violation of the banking law was not the type of conduct CUTPA was designed to address. Id., 524-25. Capstead asserts that the allegation here amounts to a failure to meet the time requirements of § 49-8 and should likewise be considered a technical non-CUTPA violation of law. CT Page 11856
Here, however, the Petersons allege more than a technical violation of § 49-8. They allege that having taken their money and then clouded the title to their property by recording an invalid mortgage release, Capstead would not correct the situation despite requests to do so from their attorney. Further, they claim that after being notified of the problem, Capstead left them in this situation for at least two years. Whether these allegations can be proved is another matter. For purposes of a motion to strike, however, they are adequate to support a claim of unfair trade practice in violation of CUTPA.
The motion to strike Count II is denied.
So Ordered at New Haven, Connecticut this 28th day of September, 2000.
Devlin, J.