[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is an action for medical malpractice. The plaintiffs, Adrian Doherty, a minor, by his mother, Patricia Lynch, individually, allege the following facts: on July 20, 1997, Patricia Lynch gave birth to her son. The doctor who delivered Lynch's son defendant, Dr. Elizabeth Gelberg (Gelberg), now deceased, worked for the defendant, Brookside Obstetrics Gynecology Associates, P.C. (Brookside).[1] In order to assist in the delivery of the child, Gelberg allegedly used Keilland forceps. After the delivery, the plaintiffs allegedly began to experience great pain and discomfort. In their ten count complaint, the plaintiffs allege that due to Gelberg's conduct, the plaintiffs sustained serious, permanent and disabling injuries. Specifically, the plaintiffs allege the following causes of action: (1) negligence; (2) lack of informed consent; (3) battery; (4) reckless battery; (5) intentional battery; (6) negligence on behalf of the minor plaintiff; (7) lack of informed consent on behalf of the minor plaintiff; (8) negligent battery on behalf of the minor plaintiff; (9) reckless battery on behalf of the minor plaintiff; and (10) intentional battery on behalf of the minor plaintiff.
The defendants filed a motion to strike counts four, five, nine and ten of the complaint on the ground that they are legally insufficient. The defendants argue that counts four and nine, reckless battery on the plaintiff and the minor plaintiff, are legally insufficient because the plaintiffs reiterated the counts which sounded in negligence, relied on the same fact pattern and therefore, have not added sufficient facts to allege a claim of recklessness. The defendants argue that counts five and ten, intentional battery on the plaintiff and the minor plaintiff, are legally insufficient because the plaintiffs have failed to allege that the medical procedure was performed without their consent. CT Page 15497
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations on any complaint . . . that party may do so by filing a motion to strike. . . ." Practice Book § 10-39(a)(1); see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "A motion to strike admits all facts well pleaded." Parsons v. United TechnologiesCorp., 243 Conn. 66, 68, 700 A.2d 655 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants argue that the plaintiffs realleged the negligence counts in making a claim of recklessness. The plaintiffs contend it is not improper to use the same facts from a negligence count to assert a recklessness claim. "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it. there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711
(1988).
"The fact that the recklessness count relies upon the same factual allegations as the negligence claim does not, in and of itself, provide [the defendant] with the basis for a motion to strike." Ouellette v.Hartford Ins. Co., Superior Court, judicial district of New Britain at New Britain, Docket No. 496991 (April 12, 2000, Kocay, J.); Bendowski v.Quinnipiac College, Superior Court, judicial district of New Haven at Meriden, Docket No. 248346 (April 9, 1996, Silbert, J.) (16 Conn.L.Rptr. 470, 473). "It is certainly true . . . that factual allegations which constitute no more than simple negligence cannot be transformed into claims of reckless misconduct merely by labeling them as such. . . . It is also true however that the same facts can appropriately constitute two distinct causes of action." (Citations omitted.) Joynerv. Hamer, Superior Court, judicial district of New Haven at New Haven, Docket No. 429101 (May 18, 2000, Alander, J.). This court has held that "it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action. . . . In CT Page 15498 short, an action sounding in reckless conduct requires an allegation of an intentional act that results in injury." (Citations omitted; internal quotation marks omitted.) Kopesky v. Connecticut American Water Co., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145791 (August 2, 1999, D'Andrea, J.); Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153798 (January 27, 1999, D'Andrea, J.); Epner v. Theratx, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 161989 (March 10, 1998, D'Andrea, J.).
The question, therefore, is whether the plaintiffs have alleged a distinct separate claim sounding in recklessness and if so, have they alleged sufficient facts to rise to the level of recklessness. "In order for a person's conduct to give rise to the level of recklessness, that person must realize that his conduct involved a risk so substantial that his conduct goes beyond negligence." Chatterton v. Infinity Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.). "In order to rise to the level of recklessness, [the] action producing the injury must be intentional and characterized by highly unreasonable conduct which amounts to an extreme departure from ordinary care. . . ." (Internal quotation marks omitted.) Doe v. Stamford Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160804 (April 8, 1998,D'Andrea, J.).
In the fourth count, the plaintiffs reallege and incorporate paragraphs one through twenty-two of the second count, and then allege in paragraph twenty-four that Gelberg was reckless and showed a deliberate disregard for the plaintiffs' safety when she proceeded to use the forceps despite the probability of risk of bodily injury to the plaintiffs.[2] Viewing the allegations most favorably to the plaintiffs, the plaintiffs' claim for recklessness, therefore, is separate and distinct from the negligence counts and the plaintiffs have alleged sufficient facts to rise to the level of a recklessness claim. Accordingly, the defendants' motion to strike counts four and nine is hereby denied.
The plaintiffs allege in counts five and ten, the claims for intentional battery, that they should have been made aware of the potential use of the forceps before it was implemented during delivery. The defendants maintain that the use of forceps during a delivery is not a "procedure" and that the delivery itself was the procedure. Therefore, the defendants argue that counts five and ten are legally insufficient as the plaintiffs have not alleged that the procedure was performed without their consent. "In Logan [v. Greenwich Hospital Assn., 191 Conn. 282,465 A.2d 294 (1983)], this court established that a patient can recover for assault and battery when the physician (1) fails to obtain any CT Page 15499 consent to the particular treatment, (2) performs a different procedure from the one for which consent has been given, or (3) realizes that the patient does not understand what the procedure entails." Godwin v.Danbury Eye Physicians Surgeons, 254 Conn. 131, 137, 757 A.2d 516
(2000).
There is no Connecticut case law discussing informed consent and the use of forceps. Other state courts, however, have examined this issue. InSinclair v. Block, 534 Pa. 563, 633 A.2d 1137 (Pa. 1993), the Pennsylvania Supreme Court upheld the Superior Court's decision to grant a nonsuit against the plaintiff on the informed consent issue. The Court held that "the physician's attempt to use forceps is part of one event: the natural delivery process. Thus, the physician's use of forceps to facilitate natural delivery is not a distinct surgical or operative procedure and, as a result, does not require additional consent to use the forceps." Id., 569.
In contrast, Virginia's Supreme Court in Rizzo v. Schiller, 248 Va. 155,445 S.E.2d 153 (Va. 1994), reversed the lower court's decision granting the defendant's motion to strike the plaintiffs informed consent claim. The Court held that "the plaintiffs presented sufficient evidence to establish a prima facie case that [the defendant] failed to obtain [the plaintiffs] informed consent to use the obstetrical forceps." Id., 159. The informed consent claim, therefore, was a question of fact that should have been heard by a jury. Id. Similarly, in Villanueva v. Harrington,80 Wash. App. 36, 906 P.2d 374 (Wash.Ct.App. 1995), the Washington Appellate Court reversed the lower court's decision granting the defendant's motion for summary judgment on the informed consent claim. The Court held that it was for the trier of fact to determine whether a particular complication associated with the use of forceps during delivery should have been disclosed. Therefore, the Court found that the trial court erred in dismissing the informed consent claim on summary judgment. Id., 41.
This court is persuaded by the decisions in Rizzo and Villanueva. The court finds that a jury should decide whether there is sufficient evidence relating to the risk associated with the use of forceps in a plaintiff's delivery. Furthermore, if the jury concludes there is a risk, they should also determine whether it rises to a level which requires it be disclosed under the informed consent doctrine. In other words, whether or not the use of forceps in a natural delivery is viewed as a separate "procedure," the jury should be given the opportunity to determine whether the method used carries with it such risks that a meaningful informed consent must be predicated upon a disclosure of those risks and the available options to that method of delivery. Construing the allegations in a light most favorable to the plaintiff, the court finds that the CT Page 15500 plaintiff has alleged facts which are legally sufficient to sustain claims of intentional battery. Accordingly, the defendants' motion to strike counts five and ten is hereby denied.
In conclusion, the plaintiffs have alleged facts which are legally sufficient to sustain claims of reckless and intentional battery. Therefore, the defendant's motion to strike counts four, five, nine and ten is hereby denied.
So Ordered.
D'ANDREA, J.