[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
On September 14, 2000, the plaintiff, Kimberly Donahue, filed this two count complaint against the defendant, Alicia M. Thomas, alleging that CT Page 3042 she was struck while walking across the street by the car driven by the defendant without any warning on November 13, 1999.
Count one alleges that the defendant was negligent in operating her motor vehicle. Specifically, the plaintiff alleges that the defendant was negligent in a number of ways, including failing to exercise reasonable diligence, operating her vehicle in an inattentive manner, failing to make reasonable use of her senses and facilities, failing to keep her vehicle under proper control, failing to apply her brakes in time to avoid the collision, failing to sound her horn, failing to turn her vehicle in time to avoid striking the plaintiff, and violating General Statutes §§ 14-300d, 14-218a and 14-300 (d).
Count two alleges that the defendant was reckless in operating her motor vehicle, incorporating the allegations from paragraphs one through six of the first count. Specifically, the plaintiff alleges that her injuries were caused by the recklessness of the defendant in the following ways: (a) "she operated said vehicle in a reckless and dangerous manner having regard for the width and use of said roadway in violation of section 14-222 of the Connecticut General Statutes;" and (b) "she operated her vehicle at a rate of speed which was excessive and unreasonable having regard for the traffic, weather, time of day, width, conditions and use of said roadway in violation of section 14-218a (a) of Connecticut General Statutes."[1] The plaintiff alleges that the defendant's violations of §§ 14-218a (a) and 14-222 was a "substantial factor" in causing her injuries and losses. The plaintiff seeks double and treble damages pursuant to General Statute § 14-295 under count two.
The defendant has filed a motion to strike count two, supported by a memorandum of law, on the ground that it is improperly pleaded and legally insufficient.
 DISCUSSION
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must by denied." Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). CT Page 3043
The defendant argues in her motion to strike that the recklessness count should be stricken for lacking "any factual allegations of willful, wanton, or reckless conduct."[2] In opposition, the plaintiff argues that the motion to strike should be denied because the complaint has set forth clear and concise allegations that she intends to prove at trial.
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
"The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence."[3] Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.). "The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiff's injuries."[4] Id. The court finds that "[t]his second line of cases is the more persuasive." Id. "General Statutes § 14-295 does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness. . . . When the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct . . ." Id.
In the present case, count two specifically alleges that "[t]he [p]laintiff's injuries were caused by the recklessness of the [d]efendant" in that the defendant violated § 14-218a and § 14-222, and cites § 14-295 in her prayer for relief. In addition, the plaintiff alleges that the defendant's violation of § 14-218a (a) and § 14-222 was a "substantial factor" in causing her injuries and losses. Construing the facts most favorably to the pleader, the court finds that the plaintiff has satisfactorily complied with statute's requirement of specifically pleading that the defendant's reckless operation of a motor vehicle was a CT Page 3044 substantial factor in causing her injuries and losses. Accordingly, the defendant's motion to strike count two of the complaint is denied.
CHASE T. ROGERS, J.