[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:
CT Page 830 DEFENDANT'S MOTION TO STRIKE
This is a motion to strike the amended complaint herein dated May 27, 2001. The amended complaint contains ten counts alleging damage or loss by plaintiff against Allstate Insurance Company due to failure to promptly pay an insurance claim for property damage after a large tree fell on plaintiff's property in September 16, 1999, causing damage to a pump house, stone and brick wall and expenses for tree removal and clean-up costs.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39; Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993). For purposes of a Motion to Strike, the moving party admits all facts well pleaded. RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 N. 2, 650 A.2d 153 (1994). The moving party, however, does not admit legal conclusions or opinions unsupported by the facts alleged.Novamatrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). In considering a Motion to Strike the court must construe the facts in the complaint most favorably to the plaintiff.Faulkner v. United technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
First Count:
The defendant seeks to strike First Count on the ground that "it fails to state a cause of action whatsoever and should be stricken." The defendant has not briefed this claim or cited any authority why the First Count is deficient. In the First Count, plaintiff alleges a valid policy of insurance with defendant, a loss due to an insured event, and all the other requirements of a complaint seeking recovery under a homeowner's insurance policy. Accordingly, the defendant has failed to establish any basis to strike this claim and the motion is denied as to the First Count.
Second Count:
The defendant next moves to strike the Second Count on the grounds that the remedy of specific performance is inapplicable for an alleged breach of an insurance policy. Again, defendant has cited no cases to support this blanket assertion.
Specific performance, like other equitable relief, is not conditioned CT Page 831 on an allegation that there is no adequate remedy at law. Burns v.Gould, 172 Conn. 210, 214 (1977). Further, pursuant to Practice Book § 10-25 "A party is permitted to plead in the alternative."
The plaintiff has alleged the necessary elements for a claim of specific performance and thus may plead in the alternative seeking the equitable remedy.
Defendant has also moved to strike all the new counts added in the Amended Complaint on the grounds that plaintiff failed to commence the new claims within the limitation period set forth in the contract, which defendant alleges in its brief is twelve months from the date of loss.
Plaintiff argues in his briefs that the new claims arise from the same event and relate back to the date of the original complaint, which was served on September 19, 2000. Plaintiff also claims estoppel and waiver.
Defendant concedes that under Connecticut law "a claim that an action is barred by the lapse of a statute of limitations must be pled as a special defense, not by motion to strike." Forbes v. Ballaro,31 Conn. App. 235, 239 (1993). Defendant tries in vain to come within the exceptions to this rule, particularly where, as here, the facts relevant to the statute of limitations are not set forth in the complaint. No complete copy of the contract has ever been filed by either party. Defendant's claims of estoppel and waiver raise further legal and factual issues. Any statute of limitations defense clearly cannot be decided by a Motion to Strike this complaint. The statute of limitation claim as to all counts is denied.
Third Count:
In the Third Count, plaintiff alleges breach of a covenant of good faith and fair dealing at common law. Here, defendant is correct that plaintiff has failed to allege any bad faith or facts supporting an inference of bad faith, a necessary element to such a claim.ShareAmerica, Inc. v. Ernst Young, Superior Court, J.D. of Waterbury at Waterbury, Docket No. 150132 (July 2, 1999) (Sheldon, J.); Ryan v.Allstate Indemnity Co., Superior Court, J.D. of Stamford/Norwalk at Stamford, Docket No. 142573 (October 22, 1998) (D'Andrea, J.) (23 Conn.L.Rptr. 322). Accordingly, the Third Count may be stricken for failure to state a claim.
Fourth and Seventh Counts:
Defendant next moves to strike the Fourth and Seventh Counts of the Amended Complaint, each of which states a claim under the Connecticut CT Page 832 Unfair Insurance Practices Act (CUIPA), Connecticut General Statutes § 38-815 et. seq., on the grounds that CUIPA does not provide for a private cause of action. Although the authority is split on this issue, this court favors the decisions of this jurisdiction, denying such a claim. See Rowlands v. Commodore Commons Condominium Association,1999 WL 34682, Superior Court J.D. of Ansonia/Milford at Milford, Docket No. 063281 (January 14, 1999) (Curran, J.); Stabile v. SouthernConnecticut Hospital Systems, Inc., Superior Court, J.D. of Fairfield at Bridgeport, Docket No. 326120, 18 Conn.L.Rptr. 157 (October 31, 1996) (Levin, J.); Allessa v. Allstate Ins. Co., Superior Court J.D. of Ansonia/Milford at Milford, Docket No. 050550 (November 7, 1995) (Skolnick, J.); King v. Ehorn, Superior Court J.D. of Ansonia/Milford at Milford, Docket No. 044381 (November 17, 1993) (Rush, J.). Accordingly, the Motion to Strike is granted as to the Fourth and Seventh Counts.
Fifth and Eighth Counts
Defendant next moves to Strike the Fifth and Eighth Counts, which state claims under the Connecticut Unfair trade Practices Act (CUTPA), Connecticut General Statutes § 42-110a et. seq. Contrary to defendant's assertions, the Fifth and Eighth Counts of the Amended Complaint do incorporate by reference the claims in the Fourth and Seventh Count which allege that the defendant engaged in unfair and deceptive acts or practices in the business of insurance "with such frequency as to indicate a general business practice".
These allegations are specific enough to support a claim under CUTPA. Accordingly, the Motion to Strike Fifth and Eighth Counts of the Amended Complaint is denied.
Sixth Count
Defendant next moves to strike the Sixth Count on the statute of limitations argument cited previously. The Motion to Strike the Sixth Count is denied for the reasons previously stated as to the Second Count and following.
Ninth Count
The Defendant next moves to strike the Ninth Count on the grounds that Connecticut courts do not recognize a cause of action for negligent infliction of emotional distress for property damage.
In DeLeo v. Reed, Superior Court, J.D. of Stamford, Docket No. 172435 (January 3, 2000) (Hickey, J.) (26 Conn.L.Rptr. 213), the court stated that: "[n]o Connecticut cases specifically allow a recovery for negligent CT Page 833 infliction of emotional distress resulting from an injury solely to property." Here, although plaintiff alleges that the defendant should have realized that their actions involved an unreasonable risk of causing the plaintiff to suffer emotional distress which might result in illness or bodily harm, plaintiff has failed to allege facts which would show that the defendant would have anticipated that their conduct would result in illness or bodily injury. Id., at 215. Here, the alleged fault did not even cause the property damage; the claim is for refusal to pay an insurance claim for property damage. There is absolutely no basis to extend the law to allow negligent infliction of emotional distress under the facts alleged in this complaint. Accordingly, defendant's motion to strike the Ninth Count of the Amended Complaint is granted.
Tenth Count
Defendant next moves to strike the Tenth Count of the Amended Complaint which alleges intentional infliction of emotional distress for non-payment or mishandling of the insurance claim for property damage.
In order to prevail on this claim, plaintiff must show: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted). Muniz v. Kravis, 59 Conn. App. 704, 708,757 A.2d 1207 (2000). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." (Internal quotation marks omitted). Appleton v. Board of Education, 254 Conn. 205, 210-11,757 A.2d 1059 (2000)
"Whether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine." Id. 210, 757 A.2d 1059; see also Bell v. Board ofEducation, 55 Conn. App. 400, 410, 739 A.2d 321 (1999)
Again, the allegations of this claim are not sufficient to support the claim for intentional infliction of emotional distress. The court could not find that the conduct, even as alleged, is so extreme and outrageous as to result in emotional distress. The plaintiff has also failed to allege that he sustained severe emotional distress as required. Although plaintiff has cited a verdict in support of its position, plaintiff has failed to cite any legal authority supporting his claim for emotional distress under the facts alleged in this complaint. Accordingly, the CT Page 834 motion to strike the Tenth Count is granted.
Summary
In summary, the court grants defendant's motion to strike as to the Third, Fourth, Seventh, Ninth and Tenth Counts. The court denies defendant's motion to strike as to all claims for failure to commence the action within any limitation period and as to the First, Second, Fifth, Sixth and Eighth Counts. So ordered.
 ___________________ SEQUINO, J.