[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
 FACTS
The plaintiff, Laura Laperuta, filed a four-count complaint against the defendant State of Connecticut in which she alleges that she worked for Tunxis Community Technical College for sixteen years without incident. She alleges that in 1996, she was exposed to various dangerous substances, which threatened her health and created a dangerous work environment. She developed respiratory and pulmonary difficulties, hyperthyroidism and other symptoms associated with Grave's disease. She claims tat when she reported both the exposure and her health problems to her superiors, a course of harassment ensured. These intentional acts of the defendant, she alleges, were extreme, outrageous and intended to cause her injury. She is seeking compensation for these injuries on the basis of discrimination and violation of the ADA (Americans with Disabilities Act), as well as for humiliation, emotional distress and mental anguish as a result of the alleged actions of the defendant.
The defendant State of Connecticut moves to strike counts two, three and four of the complaint. As to counts two and three, the motion states that they fail to state claims upon which relief can be granted. These counts must be stricken, it claims, because there are no allegations that CT Page 818 the defendant State has waived its sovereign immunity nor has the plaintiff obtained permission from the Claims Commissioner to bring this claim. The motion to strike the fourth count states that the recent U.S. Supreme Court case of Board of Trustees, University of Alabama v.Garrett 531 U.S. 356 (2001) does not permit a claim against a state employer under the ADA for money damages claimed by an individual.
The plaintiff objected to the motions to strike, arguing that she has adequately pleaded wanton and willful conduct on the part of the defendant and sovereign immunity does not apply to such allegations. For the reasons set forth in detail below, the court denies the motion to strike counts two and three and grants the motion to strike count four.
 DISCUSSION
A. The Legal Standard
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Merit, 244 Conn. 296,325, 709 A.2d 1089 (1998). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombardv. Edward J. Peters, Jr, P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000).
B. Counts two and three based on willful and wanton conduct
As is correctly noted by the defendant "Since the state can only act through its officers and agents, a suit against a state officer or agent is one against the sovereign state."[1] White v. Burns, 213 Conn. 307,312, 567 A.2d 1195 (1990). Since Tunxis is a public state institution, the real party in interest in this lawsuit, is not the state college but the state. See Barde v. Board of Trustees, 207 Conn. 59, 64, 539 A.2d 1000
(1988). No individual agents were sued in their individual capacity. And even if they were so named, the defendant argues, this would be of no avail. Even in their individual capacities, such agents are generally entitled to statutory immunity pursuant to Connecticut General Statutes § 4-165 which states:
 Immunity of state officers and employees from personal liability.
CT Page 819
 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment.
Ordinarily, the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction in the absence of an express statute permitting suit or permission of the claims commission. Antinerella v.Rioux, 229 Conn. 479, 642 A.2d 699 (1994); Shay v. Rossi, 253 Conn. 134,169, 749 A.2d 1147 (2000).
The plaintiff counters that the second and third counts of her complaint, because they allege wanton and willful conduct, state a recognized exception to the doctrine of sovereign immunity. Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute.Horton v. Meskill, 172 Conn. 615, 624, 376 A.2d 615 (1977). In this case, the plaintiff has claimed that her supervisors were acting in abuse of their authority in count two. While count three contains no such direct wording, it alleges that the defendant knew or should have known that its agents "harassed and discriminated against the plaintiff. . . ." The third count also alleges that the plaintiffs injuries and losses were due to the "willful, wanton and reckless misconduct of the defendant." The court finds that the plaintiff has alleged adequate specific facts to permit the counts to survive a motion to strike and to bring both counts within the recognized exception of the sovereign immunity doctrine. Viewing these allegations in the light favorable to plaintiffs claims and to sustaining her complaint, the court finds that they adequately allege claims for which relief may be granted. The court therefore denies the motion to strike counts two and three of the complaint.
C. Count four, the ADA claim
The defendant maintains, as found by Board of Trustees, University ofAlabama v. Garrett 531 U.S. 356 (2001), Title I of the Americans with Disabilities Act ADA 42 U.S.C. § 12111-12117 did not validly abrogate the States' Eleventh Amendment immunity, as the Act exceeded Congress's authority under § 5 of the Fourteenth Amendment. Garrett held that any federal court action by an employee to enforce the ADA against a state employer in order to recover money damages must be dismissed. The defendant argues that the Garrett holding should be extended to state court actions by employees against their state employers as well.
 Justice Rehnquist writing for the majority notes in the conclusion of Garrett that:
CT Page 820
 "Congress is the final authority as to desirable public policy, but in order to authorize private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment and the remedy imposed by Congress must be congruent with and proportional to the targeted violations. Those requirements were not met here." Id., page 18.
The Garrett analysis had earlier reviewed Act's legislative history as well as Congress's explicit findings concerning abuses in the private sector. In support of its ruling, the Garrett court also noted that many states have passed statutes prohibiting disparate treatment based on disability. Indeed in this case, in count one of the complaint, the plaintiff has alleged discriminatory treatment based on sex, marital status and disability, in violation of General Statutes § 46a-60, et seq.
It is logically indefensible for this court to find, despite theGarrett holding, which prohibits the plaintiff from prosecuting this ADA claim in federal court, she should be able to bring the very same ADA claim in state court. Garrett, of necessity, implies that a state court action would be barred for the same constitutional infirmities that bar a federal court right of action for private damages, leaving intact the right of injunctive and other non-monetary relief, as Garrett holds. This court therefore extends the Garrett holding to state court actions by individual employees against their state employer for money damages. The court therefore grants the motion to strike count four of the plaintiffs complaint.
BY THE COURT
 ___________________ BARBARA M. QUINN, Judge