[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE
 1. FACTUAL BACKGROUND
The plaintiffs, Christopher Shucka and Juan Santiago, are both inmates in the custody of the Connecticut Department of Correction, hereafter "DOC." On May 1, 2001 they filed a complaint in three counts against Dr. Edward Blanchette, Mr. Bousquet, John J, Armstrong and Dr. Leslie Cutler. John J. Armstrong is the Commissioner of the DOC and Mr. Bousquet is employed as a correctional officer and the two named physicians are the director of medical services for the DOC and the chancellor of the University of Connecticut Health Care Center, respectively. The Health Care Center is the agency, which provides medical care to the DOC inmates.
The complaint alleges in count one that the plaintiff Shuckra was shackled too tightly during a transport for a court hearing and that when he requested medical care after a few days, the nurse in question failed to document his complaint. Count two alleges that DOC makes inadequate health care decisions which are made on the basis of cost. It claims that both plaintiffs have been exposed to inadequate dental care because certain teeth were extracted rather than filled or repaired, because pulling them was less costly. Count three alleges that the two plaintiffs have been prohibited from communicating with each other by John Armstrong and that the plaintiff Shuckra therefore could not file an appeal and that both plaintiffs have been irreparably harmed by this.
On August 6, 2001 all defendants filed answers and special defenses to the complaint. The plaintiffs move to strike the first, fourth, fifth, sixth and eighth special defenses, claiming that they are legally insufficient as pleaded.
 1. LEGAL STANDARD
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, CT Page 161130 Conn. App. 305, 309, 620 A.2d 181 (1993). "Practice Book . . . §10-39, allows for a claim for relief to be stricken only if the relief sought could not be legally awarded." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 523,753 A.2d 927 (2000). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Lombardv. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). In addition, the motion admits facts well pleaded by does not admit legal conclusions. Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996). Such a motion also extends to responsive pleadings such as special defenses.
 2. DISCUSSION
The special defenses in question are as follows:
 1. To the extent that the plaintiffs seek money damages for medical care and denial of correspondence, such claims are barred by sovereign immunity and Connecticut General Statutes §§ 4-14
through § 4-161 and § 4-165;
 4. The complaint does not state a claim upon which relief can be granted;
 5. The complaint is barred by the doctrine of accord and satisfaction;
 6. The complaint is barred by the doctrine of res judicata, collateral estoppel and/or prior pending action and;
 8. The defendant John Armstrong has no personal involvement in the medical and dental care of the plaintiffs or in prohibiting communication between them.
The motion to strike these special defenses claims first as to all special defenses that, because the plaintiffs have filed a multiple-count complaint and the defendants do not, as required by Practice Book Section § 10-51 differentiate between the counts, the defenses should be stricken. Second, it alleges that second and fourth special defenses are legally insufficient as a matter of law. Third, it denies the allegations of the fifth and sixth special defenses and fourth, it also denies the CT Page 1612 allegations of the eighth special defense.
The court notes that Practice Book Section § 10-51 does indeed require that special defenses be labeled in such a way as to differentiate between the counts of a multi-count complaint where there is more than one count. Nonetheless, these special defenses do not fit within this prohibition as they are directed in each instance at the entire complaint, that is all three counts. It is apparent in their use of the word "the complaint" that they are to be read as addressed to all counts of the complaint. The court denies the motion to strike on the grounds that these special defenses, by their very nature, are not required to conform to the dictates of Practice Book Section § 10-51.
The motion to strike also claims that the first and the fourth special defenses are insufficient as a matter of law. The first special defense states that "to the extent that the plaintiffs seek money damages for medical care and denial of correspondence, such claims are barred by sovereign immunity and Connecticut General Statutes §§ 4-14 through § 4-161 and § 4-165." Plaintiffs argue that such issues may only be raised on a motion to dismiss filed within thirty days of the filing of a defendant's appearance and that was not done in this case. Practice Book § 10-30 does contain the time limitations required, but is not the exclusive such remedy for want of jurisdiction under the law.
This court retains inherent power to enforce claims of lack of jurisdiction up to and including the time of trial. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Salmon v. Dept. of Public Health Addiction Services,58 Conn. App. 642, 649, 754 A.2d 828, cert. granted on other grounds,254 Conn. 926, 761 A.2d 754 (2000). Thus, the claim of sovereign immunity may be raised when more than thirty days have elapsed since the filing of a general appearance, even though the claim may not be advanced through a motion to dismiss. For these reasons, the court denies the motion to strike the first special defense.
The fourth special defense states that "the complaint does not state a claim upon which relief can be granted," that is to say the complaint in total does not allege any legally viable causes of action. The plaintiffs move to strike this defense by asserting simply that their claims are legally adequate, without more. They provide no law to strike this defense or any reason why their claims are legally adequate. A review of the complaint demonstrates several areas in each count of the complaint that may not be adequate to state causes of action for which relief can be granted and therefore denies the motion. CT Page 1613
The remaining arguments in support of the motion to strike the fifth, sixth and eighth special defenses are that the allegations contained in these special defenses are factually incorrect. Such assertions are not proper in a motion to strike and belong in the reply to the special defenses, which the plaintiffs must file. For the foregoing reasons, the court denies the motion to strike any of the special defenses.
BY THE COURT
Barbara M. Quinn, Judge