[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 I INTRODUCTION AND FACTUAL BACKGROUND
This is a wrongful death action arising from the death of Joey Lynn Darcy on December 10, 1995. The plaintiff, Mary Lee, the mother of the decedent, as Administrator of the Estate of Joey Lynn Darcy, individually and on behalf of Rebecca Lynn Ruscoe and Kayla Paige Ruscoe, the minor children of the decedent, filed a five count amended complaint dated February 11, 1998, naming James Demirjian as a defendant.
The plaintiff alleges that on December 9, 1995, the defendant, the decedent's "boy friend," purchased and provided her with an unknown quantity of heroin which after consuming, caused her death. It is further alleged that the defendant was present when the decedent began to exhibit visible signs of her life-threatening condition and that the defendant failed to provide or request medical assistance. The plaintiff also CT Page 4831 alleges that the defendant left the decedent's home without alerting anyone of her condition, but before leaving, removed, cleaned or otherwise disposed of items which may have provided evidence of the facts and circumstances leading up to and culminating in her death.
The defendant moves to strike count three, a claim brought by Mary Lee for loss of filial consortium, and counts four and five, claims brought by Mary Lee on behalf of Rebecca Lynn Ruscoe and Kayla Paige Ruscoe, for loss of parental consortium, on the grounds that Connecticut does not recognize a statutory right nor a common law right to recover for loss of filial or parental consortium.
 II DISCUSSION A.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial."Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). "A motion to strike is the proper procedural vehicle . . . to test whether Connecticut is ready to recognize some newly emerging ground of liability." (Internal quotation marks omitted.) Ortiz v. WaterburyHospital, Superior Court, judicial district of Waterbury, Docket No. 154112 (March 9, 2000, Pellegrino, J.) (26 Conn.L.Rptr. 547); accordWall v. Nodine's Smokehouse, Inc., Superior Court, judicial district of Litchfield, Docket No. 76969 (November 8, 1999, Sheedy, J.). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Contructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
 B.
In Mendillo v. Board of Education, 246 Conn. 456, 717 A.2d 1177
(1998), our Supreme Court declined to extend the claim for loss of spousal consortium to include claims brought by minor children for loss of parental consortium. In Mendillo, the court weighed various arguments and found that "the balance of policy considerations fails to establish the additional justification necessary to support recognition of a legal duty on the part of a tortfeasor to compensate the children of the person whom CT Page 4832 the tortfeasor has harmed directly for their loss of consortium with their parent." Id., 484-85. These policy considerations included: "the fact that recognition of the cause of action would require arbitrary limitations; the additional economic burden that recognition would impose on the general public; the uncertainty that recognition would yield significant social benefits; the substantial risk of double recovery; and the weight of judicial authority." Id., 485. Accordingly, the motion to strike counts four and five, concerning the cause of action for the loss of parental consortium, is hereby granted.
Turning to count three of the plaintiff's complaint, "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." (Internal quotation marks omitted.) Pedro v. St. Mary's Hospital,
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 163145 (November 13, 2001, Rogers, J.). There is a split among Connecticut Superior Court judges as to whether an action for filial consortium exists; however, the majority of judges hold that such a cause of action is not recognized in Connecticut. Id.; see, e.g., Fischer v.Dunn, Superior Court, judicial district of Waterbury, Docket No. 160378 (August 14, 2001, Rogers, J.); Ward v. Greene, SuperiorCourt, judicial district of New London at Norwich, Docket No. 120118 (March 22, 2001,Koletsky, J.); Mercede v. Kessler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 172682 (February 13, 2001,Karazin, J.) (29 Conn.L.Rptr. 246); Blanchette v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.) (23 Conn.L.Rptr. 321); Amand v. Kromish, Superior Court, judicial district of Milford, Docket No. 51663 (November 6, 1997, Flynn, J.) (20 Conn.L.Rptr. 556); Sousa v. Soares, Superior Court, judicial district of Waterbury, Docket No. 137033 (August 18, 1997, Pellegrino, J.) (20 Conn.L.Rptr. 318).
In denying the claim as applied to children for loss of parental consortium, the Mendillo court noted that "there is nothing in reason to differentiate the parent's loss of the joy and comfort of his child from that suffered by the child." Mendillo v. Board of Education, supra,246 Conn. 485 n. 20. In light of that comment and the policy reasons enunciated by the Mendillo court in denying the claim for parental immunity, the claim for filial consortium is hereby stricken.
Berger, J.