[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The defendants move to strike the second count of the plaintiffs amended complaint dated January 22, 2002, alleging a claim under the Connecticut Unfair Trade Practices Act (CUTPA), on the ground that the plaintiff has not and cannot allege that any defendant was acting "in trade or commerce." This court disagrees.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike. . . ." Gulack v. Gulack, 30 Conn. App. 305,309, 620 A.2d 181 (1993). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997).
General Statutes § 42-110b (a) provides that "no person shall engage in unfair methods of competition and unfair or deceptive trade or practices in the conduct of any trade or commerce. "Trade or commerce" is defined as "the advertising, the sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4). "The entire act is remedial in character . . . and must be liberally construed in favor of CT Page 5860 those whom the legislature intended to benefit." (Citations omitted; internal quotation marks omitted.) Fink v. Golenbock, 238 Conn. 183,213, 680 A.2d 1243 (1996). "[T]he provision of medical services falls within CUTPA's definition of trade or commerce as `the distribution of any services'. . . ." Id. Physicians are engaged in "trade or commerce" when they are "engaging in the entrepreneurial, commercial, or business aspect[s] of the practice of medicine." Haynes v. Yale-New HavenHospital, 243 Conn. 17, 37, 699 A.2d 964 (1997). "CUTPA is not limited to conduct involving consumer injury . . . [a] competitor or other business person can maintain a CUTPA cause of action without showing consumer injury." (Citations omitted; internal quotation marks omitted.) Fink v.Golenbock, supra, 238 Conn. 215. In this case, the defendants' alleged misconduct includes:
 a. Endeavoring to have [the plaintiffs] hospital privileges reduced and/or eliminated without regard for his rights to due process under medical staff bylaws.
 b. Disclosing [the plaintiffs] confidential personal information to unauthorized persons without his knowledge or permission.
 c. Interfering with the credentialing of Dr. O'Halloran's physician assistant.
 d. Discouraging other physicians from providing coverage to Dr. O'Halloran.
 e. Encouraging CHH staff members to file complaints about [the plaintiff].
 f. Disparaging [the plaintiff] to CHH employees and medical professional relationships.
(Second Amended Complaint, January 22, 2002 [Complaint], Count 2, ¶ 5.)
The plaintiff also alleges;
 Part of the business and entrepreneurial activities of CHH includes admitting physicians to its Active Medical Staff, some of whom are CHH employees and others, physicians in private practice such as Dr. O'Halloran. As it relies on revenue from its patients for its financial well being, it relies on members of its Medical Staff for the admission of such patients CT Page 5861 to its facilities. For physicians in the Torrington area, including Dr. O'Halloran and the individual defendants, their practice to a large extent depends not only on membership on the Medical Staff at CHH, but their reputation and standing as members of that staff. Thus the relationship between CHH and the members of its Medical Staff has a commercial aspect for both.
(Complaint, Count 2, ¶ 19.)
The plaintiff further alleges;
 Impairing the reputation and standing of a member of the CHH Medical Staff, such as Dr. O'Halloran, inevitably affects that physician's practice and livelihood. Even if attempts to force a physician to leave the Medical Staff do not succeed, these attempts can, and in Dr. O'Halloran's situation, did, denigrate his standing within and without the hospital community and affect adversely his ability to attract and retain patients.
(Complaint, Count 2, ¶ 21.)
In reviewing the allegations in the light most favorable to the plaintiff, the court concludes that the plaintiff has alleged sufficient facts to establish that the defendants' conduct was performed in the course of trade or commerce. Accordingly, the court denies the defendants motion to strike as to count two.
Cremins, J.